**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| MICHAEL PLATTS, | ) | CASE NO.: 14-cv-3026-MWB |
| | ) | |
| Plaintiff, | ) | **DEFENDANT KRAFT** |
| | ) | **FOODS GROUP, INC.'S** |
| | ) | **NOTICE OF REMOVAL** |
| v. | ) | **TO FEDERAL COURT** |
| | ) | |
| KELLY SERVICES, INC. and | ) | |
| KRAFT FOODS GROUP, INC., | ) | (CONSENTED TO AND JOINED |
| | ) | IN BY DEFENDANT KELLY |
| | ) | SERVICES, INC.) |
| Defendants. | ) | |
| | | (REMOVED FROM CERRO |
| | | GORDO COUNTY, IOWA |
| | | CASE NO. LACV068766) |

Defendant Kraft Foods Group, Inc. ("Kraft" or "Defendant"), under 28 U.S.C. §§ 1332, 1441, and 1446, removes to the United States District Court for the Northern District of Iowa the action entitled *Michael Platts v. Kelly Services, Inc. and Kraft Foods Group, Inc.*, Case No. LACV068766, currently pending in the District Court of Cerro Gordo County, Iowa.  As grounds for removal, Kraft states as follows:

1.      Plaintiff Michael Platts ("Plaintiff") sued Kraft and Kelly Services, Inc. ("Kelly Services") by filing his state-court Petition on April 3, 2014.  Kraft and Kelly Services were served on or about April 8, 2014.  As required under § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders served are attached as Exhibit A.

2.      No further substantive proceedings have taken place in this action since the receipt of the Original Notice, Petition at Law, and Demand for Jury Trial by Kraft.

3.      Plaintiff's Petition alleges violation(s) of the Iowa Civil Rights Act, codified at Iowa Code Chapter 216.

4.      Under 28 U.S.C. §§ 1441 and 1446, removal is timely if it is filed within 30 days after a defendant is served with a summons and the initial pleading.  Kraft is timely filing this removal within 30 days of service.

5.      Defendant Kelly Services, Inc. consents to and joins in the removal of this action to federal court.  *See* Exhibit B.

6.      The United States District Court for the Northern District of Iowa has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000.  *See* 28 U.S.C. § 1332(a)(1).

## DIVERSITY JURISDICTION

7.      According to the Petition, Plaintiff is a citizen of Iowa.  (Petition ¶ 1).

8.      Defendant Kraft is a Virginia corporation, with its principal place of business located in Illinois.  Thus, under 28 U.S.C. § 1332, Defendant Kraft is not a citizen of Iowa.

9.      According to the Petition, Defendant Kelly Services is a Delaware corporation, with its principal place of business located in Michigan.  (Petition ¶ 2).  Thus, under 28 U.S.C. § 1332, Defendant Kelly Services is not a citizen of Iowa.

10.      Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendants are not citizens of the same state as Plaintiff.

## AMOUNT IN CONTROVERSY

11.      The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the district court finds, by a preponderance of the evidence, that a plaintiff's damages are greater than $75,000.  28 U.S.C. § 1446 (c)(2)(B).

12.      Courts generally may consider actual damages, compensatory damages, punitive damages, emotional distress damages, and attorney fees in determining whether the amount in

controversy exceeds $75,000.  *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *Wiemers v. Good Samaritan Society*, 212 F. Supp. 2d 1042, 1048 (N.D. Iowa 2002); *see also* 28 U.S.C. § 1446 (c)(2).

13.     Plaintiff's alleged damages include compensation for all losses, including back pay and front pay, lost benefits, emotional distress, interest, punitive damages, attorney fees and costs, and other relief. (Petition, p. 4).

14.     Although Plaintiff's Petition does not allege a specific amount of damages sought, Kraft believes in good faith that (without any admission as to the merits of those allegations) Plaintiff's alleged damages exceed the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a) based upon the allegations in his Petition and the potential that Plaintiff would be awarded attorney fees if successful at trial.

15.     Moreover, Kraft vigorously opposes Plaintiff's claimed entitlement to emotional distress damages, but those allegations by Plaintiff ensure that the amount in controversy exceeds $75,000.  Claimed emotional distress damages must be considered when determining whether the amount in controversy exceeds $75,000.  *See Wiemers*, 212 F. Supp. 2d at 1048 (considering emotional distress damages in deciding the amount in controversy requirement was satisfied). And this Court's own case law demonstrates that an award for emotional distress damages alone may exceed the $75,000 jurisdictional threshold.  *See, e.g., Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 948 (N.D. Iowa 2003) (upholding emotional distress damage award of $735,000 in an employment case).

16.     Thus, Plaintiff's Petition seeks more than $75,000, which satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a).

17.     Accordingly, the District Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

18.     Under 28 U.S. C. §§ 1441(a), 1446(a), and Local Rule 81, the United States District Court for the Northern District of Iowa, Central Division is the appropriate court for removing an action from the District Court for Cerro Gordo County, Iowa where this action is filed.

19.     Promptly upon filing this Notice of Removal, Kraft is giving written notice to Plaintiff's counsel at the address set forth in Plaintiff's Petition: Timothy L. Lapointe, Esq., The Law Offices of Timothy L. Lapointe, P.C., Courtside Offices, 23 3rd Street NW, P.O. Box 525, Mason City, IA 50402-0525; and to Kelly Services through its counsel: Rick J. Patterson, Esq., Potter, DeAgostino, O'Dea & Patterson, 2701 Cambridge Court, Suite 223, Auburn Hills, MI 48326, and Brian J. Fagan, Esq., Simmons Perrine Moyer Bergman, PLC, 115 3rd Street SE, Suite 1200, Cedar Rapids, IA 52401.

20.     Additionally, on the same date as this Notice was signed, Kraft filed a copy of this Notice of Removal with the Clerk of the District Court of Cerro Gordo County, Iowa (*see* Exhibit C – Notice of Filing of Notice of Removal), the district in which this action was commenced and pending at the time this Notice of Removal was filed with this Court.

21.     Consistent with Local Rule 81, Kraft provides a list of all matters pending in state court that will require resolution by this Court (*see* Exhibit D – List of Matters Pending in State Court).  Specifically, *Michael Platts v. Kelly Services, Inc. and Kraft Foods Group, Inc.*, Case No. LACV068766, is currently pending in the District Court for Cerro Gordo County, Iowa.

22.     Consistent with Local Rule 81, Kraft provides the names of counsel and the law firms that have appeared in the state court action, with their office addresses, telephone numbers,

facsimile numbers, and email addresses, and the names of the parties they represent (*see* Exhibit E – List of Counsel). Specifically, Plaintiff is represented by Timothy L. Lapointe, Esq., The Law Offices of Timothy L. Lapointe, P.C., Courtside Offices, 23 3rd Street NW, P.O. Box 525, Mason City, IA 50402-0525; Telephone: (641) 424-4333; Facsimile: (641) 423-2773; Email: lapointelaw@mchsi.com. Kraft is represented by Patrick R. Martin, Esq. and Kelly A. Moffitt, Esq., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Wells Fargo Center, 90 South Seventh Street, Suite 3800, Minneapolis, Minnesota 55402; Telephone: (612) 339-1818; Facsimile: (612) 339-0061; Email: pat.martin@ogletreedeakins.com; kelly.moffitt@ogletreedeakins.com. Kelly Services is represented by Rick J. Patterson, Esq., Potter, DeAgostino, O'Dea & Patterson, 2701 Cambridge Court, Suite 223, Auburn Hills, MI 48326; Telephone: (248) 377-1700; Facsimile: (248) 377-0051; Email: rjpatterson@potterlaw.com, and Brian J. Fagan, Esq., Simmons Perrine Moyer Bergman, PLC, 115 3rd Street SE, Suite 1200, Cedar Rapids, IA 52401; Telephone: 319.896.4033; Facsimile: 319.366-1917; Email: bfagan@simmonsperrine.com.

**WHEREFORE**, Defendant Kraft Foods Group, Inc. respectfully request that the above-entitled action now pending against it in the Cerro Gordo County District Court, State of Iowa, be removed therefrom to this Court.

Dated: May 7, 2014

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P. C.

*s/Kelly A. Moffitt*
Patrick R. Martin, AT0010010
Kelly A. Moffitt, AT0010845
Wells Fargo Center
90 South Seventh Street, Suite 3800
Minneapolis, Minnesota 55402
Telephone: 612.339.1818
Facsimile: 612.339.0061
pat.martin@ogletreedeakins.com
kelly.moffitt@ogletreedeakins.com
**Attorneys for Defendant Kraft Foods
Group, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Timothy L. Lapointe, Esq.
The Law Offices of Timothy L. Lapointe, P.C.
Courtside Offices
23 3rd Street NW
P.O. Box 525
Mason City, IA 50402-0525
lapointelaw@mchsi.com

Brian J. Fagan, Esq.
Simmons Perrine Moyer Bergman, PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, IA 52401
bfagan@simmonsperrine.com


I further certify that on May 7, 2014 a true copy of the foregoing was served by first class mail, postage prepaid, to:

Rick J. Patterson, Esq.
Potter, DeAgostino, O'Dea & Patterson
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
rjpatterson@potterlaw.com


*s/Kelly A. Moffitt*